[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2009
THOMAS K. KAHN
CLERK

No.  08-14509
Non-Argument Calendar

_____

D.C. Docket No.  07-00288-CV-4-SPM

SHENEKA NOBLES, In her capacity as Personal
Representative for the Estate of Emma Nobles,

Plaintiff-Appellant,

versus

CORRECTIONS CORPORATION OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 12, 2009)

Before TJOFLAT, DUBINA and COX, Circuit Judges.

PER CURIAM:

# I. BACKGROUND

Sheneka Nobles is the daughter of Emma Nobles. Sheneka Nobles, in her capacity as the personal representative of Emma Nobles's estate, sued Corrections Corporation of America (CCA) in state court. The one-count complaint pled a claim for wrongful death and alleged that Emma Nobles died of sepsis and organ failure as a result of CCA's negligence while Emma Nobles was an inmate at Gadsden Correctional Facility in Florida. CCA removed the suit to federal court and moved to dismiss it pursuant to Chapter 766, Florida Statutes, which requires plaintiffs bringing claims for medical malpractice to comply with pre-suit administrative procedures.

The district court granted the motion to dismiss in part and denied it in part. The court found that Plaintiff had not complied with the statutory requirements of §§ 766.106 and 766.203, Florida Statutes, and therefore dismissed the claim to the extent that it sought to hold CCA liable under a medical negligence standard of care. However, the court held that the complaint contained "sufficient allegations to state a claim for ordinary negligence in failure to secure appropriate medical treatment for Emma Nobles" and allowed the case to go forward on that ordinary negligence theory. (R.1-33 at 2.)

After discovery, CCA filed a motion for summary judgment. The district court granted the motion, finding that Plaintiff had presented no evidence upon which a reasonable jury could base a finding that CCA failed to meet the duty of care required of prison officials in providing Emma Nobles access to health care. (R.4-62.)

## II.  ISSUE ON APPEAL AND CONTENTIONS OF THE PARTIES

Sheneka Nobles appeals, arguing that the district court erred in granting summary judgment to CCA on her ordinary negligence claim. She does not appeal the district court's dismissal of her claim to the extent that it relied on medical malpractice. Instead, she argues that there was, in fact, no medical malpractice because Emma Nobles was denied medical care of her MRSA infection, the infection that she argues caused Emma Nobles's death.

CCA defends the judgment, arguing that the record demonstrates that there is no genuine issue of material fact that Emma Nobles was provided medical care and, therefore, CCA was not negligent.

## III.  STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment by applying the same legal standards used by the district court. *See, e.g.*, *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving

party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)).

## IV. DISCUSSION

The district court properly identified the applicable duty of care owed by prison officials to incarcerated individuals. "[A] prison official 'will seldom be required to do more than give such first aid as he reasonably can, and take reasonable steps to turn the sick [person] over to a physician, or to those who will look after [the person] and see that medical assistance is obtained.'" (R.4-62 at 3) (*quoting Ferguson v. Perry*, 593 So. 2d 273, 277 n.5 (Fla. 5th DCA 1992) (other citations omitted)). And, the district court found the "undisputed facts in this case show that Emma Nobles was given regular access to medical care by both prison medical staff as well as outside consultants throughout her term of incarceration. There are hundreds of pages of medical records documenting the treatment and examinations that Emma Nobles received." (R.4-62 at 3.)

Plaintiff argues that the district court erred by failing to recognize that the medical care Emma Nobles was given was confined to treatment for her diabetes and that the record demonstrates that Emma Nobles was actually denied medical care for her MRSA infection. After review of the evidence before the district court at the time

4

of summary judgment, we find that there is no genuine dispute of material fact in this case. Emma Nobles was seen and treated by medical staff on numerous occasions throughout her incarceration at Gadsden Correctional Facility for conditions other than her diabetes, including an abscess and skin lesions. The evidence presented by Plaintiff, including the affidavit of Rhonda Kennell and evidence regarding general conditions at Gadsden Correctional Facility cited in Appellant's brief, does not raise a genuine issue of material fact about Emma Nobles's access to medical treatment.

We find no error in the district court's finding that no reasonable jury could find CCA negligent. Therefore, we find no error in the grant of summary judgment in favor of CCA.

## V. CONCLUSION

For the foregoing reasons, the judgment is affirmed.

AFFIRMED.